# CIRCUIT COURT OF THE CITY OF RICHMOND

Christine E. Turner

v.

Virginia Retirement
System et al.

February 16, 2000

Case No. HJ-935-4

By Judge Randall G. Johnson

This is an appeal from a case decision of the Virginia Retirement System (VRS) denying the application of Christine E. Turner, a former custodial employee of the Chesterfield County school system, for disability retirement. After reviewing the administrative record and considering counsel's arguments, the court affirms VRS' decision.

In its Answer to Petition for Appeal and Supporting Memorandum, VRS argues that the appeal must be dismissed because of Turner's failure to comply with Rule 2A:4 of the Rules of the Supreme Court of Virginia. Specifically, VRS argues that Turner's petition for appeal, filed on May 14, 1998, fails to specify the errors assigned to VRS' final case decision, fails to state the reasons why the decision is deemed to be unlawful, and fails to conclude with a specific statement of the relief requested. While the court agrees that the petition for appeal is not in strict compliance with the cited rule, the appeal will not be dismissed on that basis.

Turner was represented by legal counsel during all or most of the administrative proceedings. She was represented by different legal counsel at

the oral argument on this appeal. Between the time of VRS' case decision and oral argument on appeal, however, it does not appear that she was being represented by legal counsel, and the notice of appeal sent to VRS and the petition for appeal filed in court are in Turner's handwriting and were apparently prepared and filed by her *pro se*. While parties to litigation are not excused from complying with procedural statutes and rules of court simply because they do not have legal counsel, the court is always reluctant to dismiss a claim solely because of a technical noncompliance that can be corrected by amendment. In this case, the petition for appeal was filed in May 1998. VRS' "Answer, etc." was filed in June 1998. From that time until oral argument on February 7, 2000 — and the court does not know why it took so long for the case to be scheduled for oral argument — VRS never requested a hearing or a ruling on its contention that the petition was deficient. Counsel for VRS should know, as counsel for all parties with cases pending in this court should know, that with the volume of papers filed in court, individual judges do not review each pleading in each case as it is filed to determine if a ruling is needed. Unless a motion, objection, or other plea is uncontested and is accompanied by a properly endorsed sketch of an order, or unless the parties agree to have the court rule on a contested matter without a hearing, a judge learns about such a matter only when it is set for hearing by a party or a party's attorney. As already noted, VRS' claim that the petition for appeal was deficient was never brought to the attention of a judge until oral argument was scheduled on the merits of the appeal. Had it been brought to a judge's attention earlier, the deficiency might have been cured by amendment, requests for which under Rule 1:8 of the Rules of the Supreme Court of Virginia are to be "liberally granted in furtherance of the ends of justice."

Turning now to the merits of the appeal, Va. Code § 51.1-157(E) governs eligibility for disability retirement of covered employees, referred to in the statute as "members" of VRS. The statute provides, in pertinent part:

> After a medical examination of the member or after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired.

The "Medical Board" is created by Va. Code § 51.1-124.23 and is charged with reviewing all reports of medical examinations required in connection with disability retirement applications of covered employees, investigating all

essential health and medical statements and certificates filed in connection with disability retirement, and submitting to the Board written reports of its conclusions and recommendations on all matters referred to it.

The court will not set out all of the relevant medical history involved in this case. That history is extensive, and the court has reviewed it in its entirety. In essence, Turner has been diagnosed by her doctors as suffering from myofascial dysfunctional pain syndrome, a condition which she claims makes it impossible for her to do anything but the simplest of physical tasks without significant and sometimes debilitating pain. While she attributes her condition to one or more of three job-related accidents in 1992 and 1993, no physician, including her own physician, has been able to identify a distinct, discrete cause for her ailment. While her physician stated in his report of December 5, 1995, that Turner is "permanently disabled unless significant improvement should occur for her current job;" that is, that some type of accommodation could be made in her job duties (Administrative Record Binder 1, Tab 1), something the school system was unable or unwilling to do (*id.*, Tab 20), the physician employed by the Medical Board found that "[Turner's] clinical picture is entirely subjective," and that he "could not find any objective abnormalities on [his] examination ...." The Medical Board's physician concluded that "there is no reason that she could not resume unrestricted activity and her former job other than the complaint of pain." *Id.*, Tab 5. Based on that report, the Medical Board reported to VRS that "[t]he consultant found no evidence of disability and felt there was no reason she could not resume unrestricted activity. No evidence of permanent disability." *Id.*, Tab 6. VRS denied the application as well as two subsequent requests by Turner to reverse its denial upon reconsideration, the Medical Board reporting on each request for reconsideration that the additional medical reports submitted by Turner failed to alter its conclusion that Turner's condition had not been shown to be permanent. *Id.*, Tabs 11 and 13.

After VRS denied Turner's second request for reversal of its denial of her application for disability, Turner requested an "informal fact finding" under Va. Code § 9-6.14:11. After an evidentiary hearing, the hearing officer, in a detailed and comprehensive written opinion, concluded that "[a]ssuming, arguendo, that Ms. Turner is currently disabled from performing her duties as a custodian, it is also necessary for me to find sufficient evidence that the disability is likely to be permanent. I am unable to find that evidence in this case." Administrative Record Binder 2, Tab 28. Because Va. Code § 51.1-157(E)(ii) requires a finding that the "incapacity is likely to be permanent," VRS accepted the hearing officer's findings and once again denied Turner's application. This appeal followed.

Virginia Code § 9-6.14:17, which is part of Virginia's Administrative Process Act, governs the court's role in appeals such as this. When an informal fact finding has been held, the court's function is "to determine only whether the result reached by the agency could reasonably be said ... to be within the scope of the legal authority of the agency." In addition, the court "shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

The practice of medicine is not perfect. Different doctors sometimes examine the same patient, review the same records, and reach different conclusions. In Turner's case, her physician examined her, reviewed her records, and found a permanent disability. The physician hired by the Medical Board examined her, reviewed her records, and found no permanent disability. Neither of those doctors, and no other doctor, has ever found a specific cause for her condition. Based on that conflicting information, the Medical Board recommended to VRS that no permanent disability be found, and VRS accepted that recommendation. Because this court cannot say that VRS' conclusion is wrong as a matter of law or as a matter of fact, it cannot say that such conclusion is not within the scope of VRS' legal authority.

Finally, the court notes Turner's argument that while the physician hired by the Medical Board reported that "there is no reason [Turner] could not resume unrestricted activity and her former job *other than the complaint of pain*" (emphasis added), the Medical Board's first report to VRS stated that its physician found "no evidence of permanent disability and felt that there was no reason she could not resume unrestricted activity." In other words, the last portion of the first quote, "other than the complaint of pain," was not included in the Board's report to VRS. It is clear, however, that the Board, the hearing officer, and VRS had full access to all of the records and reports of all of the physicians and therapists involved in Turner's case, including the report of the physician who Turner now claims was misquoted by the Medical Board. And since the court must "take due account of the presumption of official regularity" of VRS' proceedings, the court must conclude that the hearing officer and VRS reviewed that report as well as all other records necessary to reach the conclusion they reached. Because that conclusion is supported by credible evidence, and even though other physicians might disagree with that conclusion — in fact, Turner's physician does disagree with that conclusion — VRS' case decision will be affirmed.